UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOEL RODRIGUEZ, | ) Case No. CV 14-984-DSF(AJW) |
|     Petitioner, | ) MEMORANDUM AND ORDER<br>) DISMISSING PETITION |
|     v. | ) |
| G.J. JANDA, Warden, | ) |
|     Respondent. | ) |

    On October 15, 1997, petitioner was convicted of first degree murder. [Petition at 2]. The California Court of Appeal affirmed petitioner's conviction on March 16, 1999, and the California Supreme Court denied his petition for review on April 21, 1999. [Petition at 2-3].

    On August 17, 2011, petitioner filed a petition for a writ of habeas corpus in this Court. Case No. CV 11-6759-DSF(AJW). Judgment dismissing the petition as untimely was entered on March 5, 2012. Petitioner's requests for a certificate of appealability were denied both by this Court and by the Court of Appeals.

    Petitioner filed the present petition for a writ of habeas corpus on February 7, 2014. Like the petition filed in Case No. CV 11-6759-

DSF(AJW), this petition challenges petitioner's 1997 murder conviction. [Petitioner at 2].

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court also must dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and those new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a second or successive petition may proceed. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over this second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

Petitioner's first federal petition was dismissed with prejudice as untimely. A dismissal with prejudice under the statute of limitation renders subsequent petitions successive under the AEDPA. McNabb v. Yates, 576 F.3d 1028, 1029-1030 (9th Cir. 2009) (per curiam).

///
///
///

1 | Because petitioner has not obtained leave from the Court of Appeals to
2 | file a successive petition, the petition for a writ of habeas corpus is
3 | dismissed for lack of jurisdiction.
4 | **IT IS SO ORDERED.**

6 | Dated: March 13, 2014

_____
Dale S. Fischer
United States District Judge

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **NOEL RODRIGUEZ,** | ) Case No. CV 14-984-DSF(AJW) |
| Petitioner, | ) |
| v. | ) JUDGMENT |
| **G.J. JANDA, Warden,** | ) |
| Respondent. | ) |

It is hereby adjudged that the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.

Dated: _____

                                                                                _____
                                                                                Dale S. Fischer
                                                                                United States District Judge